McIlvaine, J.
In the first place, it is objected to the granting of relief to relator that the court would thereby control the discretion vested in the board by subdivision 6 of section 3988 of Revised Statutes, which reads as follows: “ None but the lowest responsible bid shall be accepted; but the board may, in its discretion, reject all the bids, or accept any bid for both labor and material, which is the lowest in the aggregate for such improvement or repairs.”
This objection is not well taken. The discretion given by this clause is to reject all the bids. This is the only discretion given. If it is determined to accept a bid, there is no discretion as to which bid must be accepted. If the lowest responsible bid be rejected, and any other be accepted, the action of the board may be controlled by mandamus, without violating the rule that a matter of discretion is not subject to control by proceedings in mandamus.
In order to entitle the relator to the relief prayed for,' however, he must show a clear, legal right in himself. It is not enough to show that the board awarded the contract to Newell without sufficient warrant, or that relator’s right to the contract, on comparison, was better than that of Newell, who is not a party to this proceeding.
Now it is clear, beyond doubt, that the bid of relator for the whole job was not the lowest bid, if Newell’s bid can be .considered at all. The board did, however, consider Newell’s bid, and finding it to be the lowest responsible bid, accepted it and rejected relator’s for that reason. If the board erred in this, the relator, nevertheless, must show that his bid was entitled to the favorable consideration of the board.
Section 3988, clause 4, provides that “ Each bid shall contain the name of every person interested in the same, and shall *379 be accompanied by a sufficient guarantee of some disinterested person, that if the bid be accepted, a contract will be entered info, and the performance of it properly secured.” Now, were the words “ Sureties, A. E. Taylor,” at bottom of relator’s bids, equivalent to the guarantee required by this clause 1 "We think not. ¥e are quite satisfied that had the bid of Boss been accepted, and he had refused to enter into a contract, no action for such refusal could have been maintained against Tayloi’.
To this, it is said by relator’s counsel, that his bid was not rejected on account of such defect, but solely on the ground it was not the lowest. True, but if Newell’s bid had been rejected on account of its defects, as relator claims it should have been, it does not follow that the board would have waived the defects in relator’s bid, and would have accepted it. It appears the board did not consider the defects in either bid-; but it is reasonable to presume that if the defects in Newell’s bid could not be waived, the defects in Boss’ bid would have been considered and the bid rejected on account thereof. Surely the latter defect was in matter of substance and quite as important as the former. While we are inclined to think -that the board might have waived detects in the performance of conditions imposed by the statute for the protection of the public, still it is clear to our minds, if it be otherwise, that the defect in relator’s bid was as fatal to it, as'the defect in New-ell’s bid was fatal to it. If one could not be waived, the other could not; and if both could be waived, the relator’s bid should have been rejected because it vvas not the lowest.
Again. It is claimed that if relator has not shown himself entitled to an award of the contract for the whole building, he is, nevertheless, under his bid, entitled to a contract for some parcels of the job. At common law it was undoubtedly settled that the relator must show himself entitled to the relief demanded or he could take nothing by his writ. If, however, recent legislation which makes proceedings in mandamus a civil action to be commenced by filing a petition, entitles the relator to a more liberal judgment and gives relief for a part, where the whole prayer can not be granted, still the.reasons *380 for refusing the whole in this case justifies the refusal of any part. It it were doubtful,.whether the bid, properly construed, was for the “ whole job ^ or nothing ” as we have found frhat relator claimed when the bid was first opened, and as is clearly set forth in the written demand of the next day, we think the board did not err in refusing the relator any part of his bid.
The validity of the contract entered into between the board of education and Newell is not a question involved in this case.

Writ refused.